[Cite as *Morningstar v. Burns*, 2013-Ohio-2631.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CRYSTAL L. MORNINGSTAR, ET AL | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | |
| | Case No. 12-CA-106 |
| RYAN P. BURNS | |
| Defendant-Appellee | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Fairfield County Court of Common Pleas, Domestic Relations Division, Case No. 11-PA-41 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 21, 2013 |
| APPEARANCES: | |

For Plaintiff-Appellant

For Defendant-Appellee

CRYSTAL L. MORNINGSTAR, PRO SE
218 North Baker Ave
Lancaster, Ohio 43130

JODELLE M. D'ARNICO
7110 E. Livingston Ave
Reynoldsburg, Ohio 43068

*Hoffman, J.*

{¶1} Plaintiff-appellant Crystal Morningstar appeals the September 4, 2012 Entry entered by the Fairfield County Court of Common Pleas, Domestic Relations Division, which approved and adopted the magistrate's September 4, 2012 Decision as order of the court. Defendant-appellee is Ryan Patrick Burns.[1]

STATEMENT OF THE CASE

{¶2} Appellant and Appellee are the biological parents of T.M. (dob 11/21/02). The parties have never been married. Appellant filed a Complaint to Determine Parentage and Support on February 14, 2011. The trial court ordered Appellee and the minor child undergo genetic testing. The test results indicated there was a 99.99% probability Appellee was T.M.'s father. Via Judgment Entry filed June 13, 2011, the trial court established a parent/child relationship between Appellee and his son, and ordered Appellee pay $500/month in child support.

{¶3} The parties entered into an Agreed Judgment Entry on July 11, 2011. Appellant was designated the sole residential parent and legal custodian of T.M. Appellee was granted parenting time, using a phase-in schedule.

{¶4} On January 25, 2012, Appellant filed a Verified Multi Branch Motion, seeking a modification of the child support award, including relief from the portion of the June 13, 2011 Judgment Entry which prevented her from seeking or the trial court awarding retroactive child support. On July 18, 2012, Appellee filed a motion to modify parenting time, asserting a change of circumstances warranted the modification.

---

[1] Appellee has not filed a Brief in this matter.

{¶5} The magistrate conducted a hearing on the issues of modification of child support and modification of parenting time. Via Decision filed September 4, 2012, the magistrate found a change of circumstances warranted an increase in Appellee's parenting time. The magistrate also found a change of circumstances warranted a reduction in Appellee's child support obligation. Via Entry filed September 4, 2012, the trial court approved and adopted the magistrate's decision. Neither party filed objections to the magistrate's decision.

{¶6} Via Judgment Entry filed September 21, 2012, the trial court denied the portion of Appellant's Verified Multi Branch Motion seeking relief from the June 13, 2011 Judgment Entry.

{¶7} It is from the September 4, 2012 Entry, approving and adopting the Magistrate's Decision Appellant appeals.

{¶8} We begin by noting Appellant has failed to comply with App. R. 16.

{¶9} App. R. 16(A) provides:

{¶10} "The appellant shall include in its brief, under the headings and in the order indicated, *all* of the following:

{¶11} "(1) A table of contents, with page references.

{¶12} "(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

{¶13} "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

{¶14} "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

{¶15} "(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

{¶16} "(6) A statement of the facts relevant to the assignments of error presented for review, with appropriate references to the record * * *

{¶17} "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

{¶18} "(8) A conclusion briefly stating the precise relief sought."

{¶19} Appellant's brief does not satisfy the requirements of App. R. 16(A); therefore, is noncompliant. Absent minimal compliance with App. R. 16(A), this Court cannot reasonably respond to Appellant's claims, and may, in its discretion, disregard those claims. See, *Foster v. Board of Elections*, 53 Ohio App.2d 213, 228, 373 N.E.2d 1274 (1977). Such deficiencies are tantamount to failure to file a brief. Although this Court has the authority under App. R. 18(C) to dismiss an appeal for failure to file a brief, we elect not to do so.

{¶20} Before addressing the merits of Appellant's appeal, we must discuss the state of the record before this Court.

{¶21} Appellant failed to provide this Court with a transcript of the proceedings before the magistrate.

{¶22} When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the

lower court's proceedings, and affirm. *Knapp v. Edwards Lab.*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). Because Appellant has failed to provide this Court with those portions of the transcript necessary for resolution of this appeal, i.e., the transcript of the February 28, 2008 hearing, we must presume the regularity of the proceedings below and affirm, pursuant to the directive set forth above in *Knapp,* supra.

**{¶23}** Assuming, arguendo, a transcript of the proceeding before the magistrate is not necessary for resolution of the appeal, we further note Appellant failed to object to the magistrate's decision.

**{¶24}** Civ.R. 53(D)(3)(b)(iv) provides:

**{¶25}** "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

**{¶26}** Because Appellant failed to object to the magistrate's decision, we find Appellant's argument(s) to be waived.

{¶27} We affirm the judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division.

By: Hoffman, J.

Gwin, P.J.  and

Farmer, J. concur

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin
HON. W. SCOTT GWIN


s/ Sheila G. Farmer
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

CRYSTAL L. MORNINGSTAR, ET AL.   :
                                          :

     Plaintiff-Appellant               :
                                            :

-vs-                                 :               JUDGMENT ENTRY
                                          :

RYAN P. BURNS                   :
                                          :

     Defendant-Appellee            :               Case No. 12-CA-106

For the reasons stated in our accompanying Opinion, we affirm the judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division.  Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
W. SCOTT GWIN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER